[No. 37613.   Department Two.   June 24, 1965.]

WALTER BROWN *et al., Respondents,* v. DWIGHT M. WELLS *et al., Appellants.*\*

\*Reported in 403 P2d 846.

Action for damage for bailed property. Defendants appeal from a judgment in favor of the plaintiffs.

*John L. Vogel,* for appellants.

DONWORTH, J.—The sole question involved in this appeal is whether there is any legal liability of a bailee, arising from contract provisions, for the damage to the subject of the bailment, which damage occurs while the bailed article is in the possession of the bailee but where the damage was not caused by the bailee's use.

Respondents, who were in the business of renting trailers, instituted this action against appellants, to whom they rented a trailer on a monthly basis pursuant to a written contract which contained the following provision:

Deposit Received $50.00 Pd.
Deposit refunded, if no damage to trailer:
The undersigned agrees to return rental trailer clean, and with other accessories in the same condition as when rented, and in addition to payment for the full time the trailer is in his possession agrees to assume all responsibility by paying for all damage, liability and legal cost arising from the use of the trailer.

The complaint included these allegations:

IV. That while said trailer was in the possession of the defendants it was damaged. That defendants returned the trailer to the plaintiffs in a damaged condition.

V. That the difference in market value of said trailer immediately before and immediately after said damage, is the sum of $557.80.

Appellants, in their answer, admitted the rental transaction and that the trailer was damaged while in their possession and that it was returned to respondents in such condition. As an affirmative defense and by way of cross complaint, appellants alleged:

I. On or about October 12, 1962, the trailer referred to was damaged when a tree was blown across it during a violent wind storm; said damage was caused solely by the violence of the storm and without any negligence or fault on the part of the defendants, or either of them.

II. At the time of obtaining the trailer referred to, defendants made a deposit of $50, which has not been refunded to defendants although demand therefor has been made.

These allegations were denied in respondents' reply, except the nonpayment of the $50 deposit.

At the trial, the case was submitted to the court on the pleadings. After hearing argument, the court took the matter under advisement and later rendered a memorandum opinion in which the court construed the above-quoted clause in the rental contract as follows:

It is the opinion of the court that the assumption of all responsibility by paying for all damage arising from the use of the trailer means one and the same thing as an agreement to pay all damage while using the trailer.

The trial court, having announced that it would grant judgment for the damage to the trailer, later held another hearing on the issue of the amount of the damages. The court thereafter entered its findings, conclusions, and judgment. The amount of the judgment in favor of respondents was $542.80. This appeal is from that judgment.

Respondents have not filed a brief in this court and did not participate in the oral argument.

We think that, in the light of our en banc decision in *St. Paul Fire & Marine Ins. Co. v. Chas. H. Lilly Co.*, 48 Wn.2d 528, 295 P.2d 299 (1956), the trial court erred in construing the language of the bailment contract (quoted above). In the cited case, we construed a clause in a lease of a motor vehicle requiring the lessee to return the property in the condition received except for normal wear and tear. The motor vehicle had been damaged by fire while in the lessee's possession but without negligence on its part. It was there held that such language in the contract did not make the bailee an insurer of the property. This court adopted the majority rule, which is that, in the absence of an express agreement between the parties to that effect, a bailee is not an insurer of the bailed article. His only liability for damage thereto while in his possession arises from some act of negligence on his part.

We stated, at page 535 of the decision:

We explicitly hold that the so-called majority rule is controlling in this jurisdiction. It is more realistic as to the probable intentions of the parties to a bailment contract, and as to what was contemplated and understood by them. We are convinced that it is the more just and equitable rule.

This conclusion on our part seems more reasonable and more convincing if the problem of interpretation relative to the phrase, *to return in the condition received, except for normal wear and tear,* is approached initially in terms of the implied obligations or liabilities of an ordinary common-law bailee. In other words, if A rents his automobile to B so that the latter can make a trip, and nothing more is agreed to by the parties, B is under an implied legal obligation (1) to return the car, and (2) to observe ordinary care in the use of it, and (3) to make good any damages, loss, or destruction caused by his negligence. But B is not liable for damages or loss occurring without his fault. Now what, if anything, is added to the obligation of such a common-law bailee by a covenant to return in the condition received, except for normal wear and tear?

After quoting from a Pennsylvania decision supporting the majority rule, this court continued:

When parties to a bailment contract specify that the property is to be returned in the condition received, except for normal wear and tear, it is contrary to common understanding, unreasonable, and against ordinary meaning, to infer that the parties contemplated the possibility of loss or destruction of the property, and that, by using the particular language, they agreed that the bailee would be an absolute insurer. If the parties intended that a bailee, irrespective of fault, was to be an absolute insurer, they could have so provided with little difficulty, merely by using clear and explicit language to that effect.

See, also, *Chaloupka v. Cyr,* 63 Wn.2d 463, 387 P.2d 740 (1963), and cases cited.

The bailment agreement in the case at bar is similar in wording to that involved in the *St. Paul Fire & Marine* case, *supra.* Appellants, by signing it, agreed:

(1) To return the trailer "clean;" and

(2) To return it (with other accessories) in the same condition as when rented; and, in addition,

(3) To pay rental for the full time the trailer is in his possession; and

(4) To assume all responsibility by paying for all damage, liability, and legal costs arising from the use of the trailer.

We are unable to find therein any promise to insure the trailer against damage to it caused by a tree being blown upon it during a windstorm. The last item (4) appears to us to refer only to public liability and property damage in connection with claims of third persons asserted against the bailor and arising from (caused by) the use of the trailer, or damage to the trailer arising from (caused by) the use to which the trailer is put.

We hold that the *St. Paul Fire & Marine* case is controlling (in that the agreement did not expressly make the bailee an insurer of the property from all causes of damage or loss) while the property was in the bailee's possession. The judgment of the trial court must be reversed with directions to dismiss respondents' action and to enter judgment for $50 in favor of appellants on their cross claim.

It is so ordered.

ROSELLINI, C. J., FINLEY and WEAVER, JJ., concur.

HAMILTON, J., concurs in the result.